IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00196-LTB

CRAIG S. ROBLEDO-VALDEZ,

    Plaintiff,

v.

JEWEL WEST,
DALE BURKE,
CHRIS BARR,
DANIEL DENT,
ANDREA NICHOLS,
JOSEPH KELEMAN,
REANNE WILL,
RHONDA HADRICK,
LESLIE PAYNE,
CARMEN ESTRADA,
CAROL SOARES,
SEAN FOSTER,
MR. RODECAPE,
DENNIS BURBANK,
KEITH NORDELL,
ANTHONY DeCESARO,
2 UNKNOWN D.O.C. TIME OPS. OFFICERS,
MARK FAIRBAIRN,
REGINA ROBERTS,
ANGELA TIDEMANN,
MR. MEISNER,
MS. JIMENEZ,
TRAVIS TRANI,
BRANDON WITZ,
SUSAN JONES,
MR. SPURLOCK,
PATSY HARTLEY,
TRACY SWINDLER,
MARSHALL GRIFFITH,
PAUL LARSON,
MR. SMITH,
MRS. DeFUSCO,
UNNAMED PAROLE BOARD MEMBER,
CHAIRMAN OF PAROLE BOARD,

LINDA MAIFELD,
LARRY WATSON,
TINA VALDEZ,
HEAD OF OFFENDER SERVICES,
DANIEL LAKE,
DANIEL BARBERO,
MS. MORRIS, and
JAMES SINNOTT,

    Defendants.

ORDER DENYING MOTION TO RECONSIDER

    Plaintiff, Craig S. Robledo-Valdez, has filed *pro se* a Request for Reconsideration and Extension of Time (ECF No. 7) in which he asks the Court to reconsider and vacate the Order of Dismissal (ECF No. 5) and the Judgment (ECF No. 6) entered in this action on March 6, 2013. The Court must construe the motion liberally because Mr. Robledo-Valdez is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motion will be denied.

    A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider the motion to reconsider filed by Mr. Robledo-Valdez pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered

in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id.*

Mr. Robledo-Valdez initiated this action by filing *pro se* a Prisoner Complaint and a "Prisoner's Motion and Affidavit for Leave to Proceed 'IFP' Pursuant to 28 U.S.C. § 1915." On January 28, 2013, Magistrate Judge Boyd N. Boland entered an order directing Mr. Robledo-Valdez to cure certain deficiencies if he wished to pursue his claims in this action. Specifically, Magistrate Judge Boland ordered Mr. Robledo-Valdez to file an amended Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on the proper form and to submit an authorization to calculate and disburse filing fee payments in support of the 28 U.S.C. § 1915 motion. Mr. Robledo-Valdez was warned that the action would be dismissed without further notice if he failed to cure the deficiencies within thirty days. On March 6, 2013, the Court entered an order dismissing this action without prejudice because Mr. Robledo-Valdez had failed within the time allowed to cure the deficiencies or to respond in any way to Magistrate Judge Boland's January 28 order.

Mr. Robledo-Valdez alleges in the Request for Reconsideration and Extension of Time that he has been released from prison on parole; is serving his parole in Texas; did not have access to a computer when he first was released and still does not have access to the internet; the conditions of his parole have made it nearly impossible to litigate this case on his own; he was confused by the order directing him to cure the deficiencies in this action; he mailed a request for extension of time to amend the complaint to the Court on or around February 27, 2013; and there may have been a mailing issue. Mr. Robledo-Valdez attaches to the Request for Reconsideration and Extension of Time a copy of a Request for Extension of Time to Amend Complaint (*see* ECF No. 7 at 3-5) that he allegedly mailed to the Court on or around February 27, 2013.

After review of the motion and the entire file, the Court finds that Mr. Robledo-Valdez fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Mr. Robledo-Valdez does not dispute the fact that he was aware of Magistrate Judge Boland's order directing him to cure certain deficiencies in this action. Although Mr. Robledo-Valdez alleges that he mailed a request for extension of time to amend the complaint to the Court on February 27, 2013, no such request was received. In fact, the Court's docketing records do not reveal any filings in this action between January 28, 2013, when Magistrate Judge Boland ordered Mr. Robledo-Valdez to cure certain deficiencies, and March 6, 2013, when the Court dismissed the action for failing to cure those deficiencies. Mr. Robledo-Valdez's belated explanation of the difficulties he faces in trying to cure the deficiencies in this action does not convince the Court that the order dismissing this action should be vacated.

For these reasons, the motion will be denied. Mr. Robledo-Valdez is reminded, however, that the Court dismissed the instant action without prejudice. Therefore, if Mr. Robledo-Valdez wishes to pursue his claims, he may do so by filing a new action. Accordingly, it is

ORDERED that the Request for Reconsideration and Extension of Time (ECF No. 7) is DENIED.

DATED at Denver, Colorado, this  3rd  day of      April        , 2013.

BY THE COURT:


　　s/Lewis T. Babcock
　　LEWIS T. BABCOCK, Senior Judge
　　United States District Court